UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERLIN PETROLEUM COMPANY, INC.,

    Plaintiff,

v.                                                                CASE NO: 8:16-CV-1000-T-30TBM

PEDRO JAVIER SARABIA and
CARLA CARLINA RAMIREZ EDWARDS,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 11) and Plaintiff's Response in Opposition (Dkt. 12). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This case relates to a past debt that Defendants purportedly owe to Plaintiff. The claims are grounded in breach of contract and fraudulent inducement. Specifically, on November 9, 2011, Defendant Pedro Javier Sarabia agreed in writing to repay an existing debt that he acknowledged he owed to Plaintiff Merlin Petroleum Company, Inc., in the amount of $1,772.867.65. Under the terms of the written agreement, attached as Exhibit 1 to the complaint, the debt would be repaid from funds generated from four specific sources: proceeds from the sale of two properties; proceeds from an insurance claim; and proceeds

related to the operation of a "future business."  In early 2016, Plaintiff learned that Defendants sold one of the referenced properties and made approximately $700,000.  Defendants failed to provide Plaintiff any funds from the proceeds in violation of the agreement.  Defendants also did not make any payments under the agreement related to the other referenced sources.  Defendants subsequently made a "limited payment" to Plaintiff, but not according to the agreement terms.  The current balance of the debt is $1,568,407.41.

Defendants now move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to allege fraud with particularity under Fed. R. Civ. P. 9(b).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

With respect to claims alleging fraud, Rule 9(b) directs: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

## DISCUSSION

**I.   Breach of Contract**

A breach of contract claim under Florida law requires three elements: (1) a valid contract; (2) a material breach of the contract; (3) and damages as a result of the breach. *See Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Plaintiff alleges facts in support of each element. Plaintiff identifies the contract, i.e., the written agreement attached to the complaint, and alleges that Defendants have breached the terms of the contract through their failure to pay Plaintiff the money associated with their past debt from the agreed upon funding sources. As a result, Plaintiff has been damaged.

Defendants argue that the breach of contract claim is insufficient because the alleged contract lacks consideration. But this argument fails at this stage because Plaintiff alleges that the contract relates to past debt; in other words, the consideration is Plaintiff's compromise to refrain from pursuing litigation against Defendants for the past debt they owe, and to afford Defendants another opportunity to repay the debt. Discovery may reveal that this alleged consideration is inadequate. But the Court must assume the truth of the allegations at the motion to dismiss stage. And the written agreement specifically references the past debt owed to Plaintiff in the amount of $1,772,867.65.

Defendants also argue that Mrs. Sarabia did not sign the agreement and therefore cannot be liable for any breach. At this stage, Plaintiff has alleged adequate facts suggesting

that Mr. Sarabia executed the agreement on her behalf. The language of the agreement supports Plaintiff's position because it references personal property owned jointly by Mr. and Mrs. Sarabia. Moreover, the complaint alleges that Mrs. Sarabia attended multiple meetings as part of the negotiation process and represented that she was an owner of the personal assets referenced in the agreement. Accordingly, at this stage, the Court declines to dismiss Mrs. Sarabia.

Defendants' final argument in favor of dismissal, that the written agreement contradicts the complaint's allegations, is without merit. A review of the complaint and the attached written agreement reveals no material contradictions.

In sum, Defendants' motion to dismiss is denied with respect to the breach of contract claim.

## II. Fraud Claims

Defendants assert that Plaintiff has not pled its fraud claims with sufficient particularity under Rule 9(b).[1] To satisfy Rule 9(b)'s "particularity" standard, the Eleventh Circuit has stated that a complaint must "identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[ed] by the alleged fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns*

---

[1] Defendants also argue that the fraudulent inducement claim is barred under Florida's economic loss rule. Florida law makes clear that the economic loss rule is inapplicable here. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399 (Fla. 2013) (limiting the application of the economic loss rule to products liability cases).

*Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007)).

The Court agrees that the fraud claims fail to meet the "particularity" standard. Plaintiff does not point to any specific misrepresentations made to induce Plaintiff to enter into the agreement. Nor does Plaintiff allege any other specific facts, like the time and place of the alleged fraudulent statements and the content and manner in which the statements misled Plaintiff. These claims are woefully deficient under Rule 9(b). Accordingly, Defendants' motion to dismiss is granted without prejudice to Plaintiff to amend these claims to allege the requisite particularity. Notably, although the economic loss rule is inapplicable, Plaintiff still must allege fraudulent conduct independent of the breach of contract.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 11) is granted in part and denied in part.

2. Count I of the complaint is not dismissed. Counts II and III of the complaint are dismissed without prejudice to Plaintiff to file an amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2016.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-1000 mtd 11 grant in part.wpd*