**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MERLIN PETROLEUM COMPANY, INC.**,**

    Plaintiff,

v.                                              Case No.  8:16-cv-1000-T-30TBM

PEDRO JAVIER SARABIA and
CARLA CARLINA RAMIREZ EDWARDS**,**

    Defendants.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment against Defendant Javier Sarabia (Dkt. 18) and Defendants' Response in Opposition (Dkt. 22).  The Court, upon review of the filings, and being otherwise advised in the premises, concludes that the motion for summary judgment should be denied without prejudice as premature.

## **DISCUSSION**

This is a breach of contract case related to a past debt that Defendants purportedly owe to Plaintiff.   Plaintiff filed the instant motion for summary judgment before Defendants answered the complaint and before the Court issued the case management and scheduling order.  In support of its motion, Plaintiff relies on one, conclusory affidavit, and seeks judgment against Defendant Javier Sarabia in the amount of $1,568,407.41.

Sarabia's response in opposition argues that Plaintiff's motion is premature because discovery has just commenced. Sarabia's response also relies on his declaration, which creates numerous material issues of fact. For example, Sarabia's declaration creates an issue of fact with respect to whether the purported contract lacked consideration. His declaration also creates a genuine issue as to whether the contract was materially breached.

The Court agrees that Plaintiff's motion for summary judgment is premature because Sarabia has been deprived of conducting adequate discovery at this early stage in the litigation. As stated in *Blumel v. Mylander,* 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 of the Federal Rules of Civil Procedure "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir. 1988). The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted). Accordingly, the motion is denied as premature.

Notably, even if the Court considered the merits of the motion, Sarabia's declaration presents material disputed facts that would prevent the entry of judgment in Plaintiff's favor on the breach of contract claim.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment against Defendant Javier Sarabia (Dkt. 18) is denied without prejudice as premature.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2016\16-cv-1000.msj-premature-deny.wpd