UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERLIN PETROLEUM COMPANY, INC.
311 Post Road East
Westport, Connecticut 06880

      PLAINTIFF,

vs.                                                    CASE NO.: 8:16-cv-1000-T30-TBM

PEDRO JAVIER SARABIA
AKA PEDRO JAVIER SARABIA LEON

and

CARLA CARLINA RAMIREZ EDWARDS,
AKA CARLINA SARABIA, AKA CARLA
CARLINA RAMIREZ, AKA CARLINA
RAMIREZ EDWARDS
180 Beach Drive N.E., Unit 1501
St. Petersburg, Florida 33701

      DEFENDANTS.
_____/

AMENDED
**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA DIRECTED TO NON-PARTY SEA CENTRAL SHIPPING, INC. AND INCORPORATED MEMORANDUM OF LAW**

Defendants, JAVIER SARABIA and CARLINA RAMIREZ EDWARDS ("Defendants"), by and through their undersigned counsel, move to quash Plaintiff, MERLIN PETROLEUM COMPANY, INC.'s ("Plaintiff") subpoena issued to non-party, Sea Central Shipping, Corp., and state:

Defendant, Javier Sarabia, is the President of Sea Central Shipping, Corp. ("SCS"), and SCS is not a party to this lawsuit. Plaintiff's subpoena is nothing more than an attempt to harass and place an undue burden on SCS by forcing it to waste time, fees and effort to produce documents Plaintiff already has or does not need.

The subpoena issued to SCS should be quashed because the subpoena seeks documents that: (1) impose an undue burden and expense on SCS; (2) are unreasonably cumulative; (3) are unrelated and not important in resolving the issues in this case or that Plaintiff already has by virtue of Defendants' production in response to Plaintiff's Request for Production; and (4) reflect personal financial records and confidential business dealings and communications of SCS.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 45 governs production of documents by a non-party pursuant to a subpoena. The scope of subpoenas for production of documents pursuant to Rule 45 is the same as the scope of discovery under Rule 26(b) and Rule 34. A court must limit discovery otherwise allowed if it determines that: (1) the discovery sought is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information through other discovery; or (3) the burden or expense of the discovery outweighs this likely benefit. See Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's third and fourth subpoena requests are unreasonably cumulative:

> 3. "Any and all communications between any representative of [SCS] and [Defendants] related to the proceeds or sale of the property at 851 Brightwaters Blvd. NE, St. Petersburg, FL 33704." *See* Plaintiff's subpoena directed to SCS attached hereto as Exhibit "A."

> 4. "Any and all communications between any representative of [SCS] and [Defendants] related to the sale of the property at 851 Brightwaters Blvd. NE, St. Petersburg, FL 33704." *Id*.

This information has already been requested of Defendants in a variety of different requests. *See* Plaintiff's Request to Produce to Defendants attached as Exhibit "B" (specifically, Requests Nos. 5 and 6). Plaintiff should not get "a second bite at the apple" by subpoenaing SCS

2

for documents which were properly requested from Defendants and to which Plaintiff is otherwise not entitled because of proper objections already raised.

Rule 45 provides that a court must quash a subpoena that: (1) requires production of documents at a place outside 100 miles of where the [producing] person resides, is employed, or regularly transacts business in person; (2) requires disclosure of privileged or other protected matter; or (3) subjects a person to undue burden. See Fed. R. Civ. P. 45(d)(3)(A)(ii)-(iv). Here, Plaintiff seeks the production of documents in Jacksonville, Florida—outside 100 miles from Tampa, Florida—the place where SCS resides, is employed, and regularly transacts business in person. Ex. A.

A party has standing to challenge a subpoena served on a non-party where the party has a personal right or privilege with respect to the subject matter of the subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Barrington v. Mortgage IT, Inc*. 2007 WL 4370647, 1 (S.D. Fla. 2007); *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, 1 (M.D. Fla. 2006)(the court granted party's amended motion to quash and/or motion for protective order of non-party subpoena where production of party's personnel files were sought). In the instant case, Plaintiff's fifth and sixth document requests seek personal financial records involving SCS:

> 5. "Any and all documents related to funds received by [SCS] from [Defendants] since November 9, 2011."
>
> 6. "Any and all documents related to any payments by [SCS] to [Defendants] since November 9, 2011."

Ex. A.

In addition, Plaintiff's seventh and eighth requests seek documents that reflect the confidential business dealings and communications of SCS:

      7.     "Any and all documents related to funds received by [SCS] from Brasven Maritime SA since November 9, 2011."

      8.     "Any and all documents related to any accounts between [SCS] and Brasven Maritime SA since November 9, 2011."

*Id*.

Accordingly, Plaintiff's subpoena seeks to harass, annoy, embarrass, unduly burden and otherwise vex SCS by way of a subpoena seeking disclosure of personal financial records involving SCS, confidential business communications involving SCS that have no bearing on the issues at hand, production of irrelevant documents and materials which are not proportional to the needs of the case, and production of documents which Plaintiff does not need or already has in its possession by virtue of Defendants' document production in response to Plaintiff's Request for Production.

Because Plaintiff's subpoena to non-party SCS imposes an undue burden and expense on SCS, seeks documents that are unreasonably cumulative, unrelated and not important in resolving the issues in this case or that Plaintiff already has in its possession, and that reflect personal financial records and confidential business dealings and communications of SCS, Defendants, JAVIER SARABIA and CARLINA RAMIREZ EDWARDS, respectfully request this Court quash Plaintiff, MERLIN PETROLEUM COMPANY, INC.'s subpoena directed to non-party SCS.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I HEREBY CERTIFY reasonable efforts were made to confer with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion. Specifically, in accordance with Local Rule 3.01(g), the defense brought the issues to the attention of Plaintiff's counsel and

requested that Plaintiff withdraw the subpoena issued to Sea Central Shipping, Corp, which Plaintiff's counsel rejected.  Thus, Defendants move to quash.

Dated: **July 29, 2016**            Respectfully submitted,

/s/ Michael E. Spain
**ROBERT B. BIRTHISEL,** FBN: 906654
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**STACEY L. PAPP,** FBN: 041817
spapp@hamiltonmillerlaw.com
**MICHAEL E. SPAIN,** FBN: 115170
mspain@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: CBBserve@hamiltonmillerlaw.com
Tel: 813-223-1900 / Fax: 813-223-1933
*Attorneys for Defendants*
Tel: 813-223-1900 / Fax: 813-223-1933
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 29, 2016,** the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Michael E. Spain
Attorney

## SERVICE LIST

### CASE NO.: 8:16-cv-1000-T30-TBM

Lindsey C. Brock, III, Esq.
Fla. Bar #971669
RUMRELL, McLEOD & BROCK, PLLC
LINDSEY BROCK, P.A.
9995 Gate Parkway North, Suite 400
Jacksonville, Florida 32246
(904) 996-1100 Office
(904) 825-0287 Fax
E-Mail: lindsey@rumrelllaw.com
Secondary E-Mail: kristen@rumrelllaw.com
*Counsel for Plaintiff*

Stephen Simms *(pro hac vice applied for)*
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
Email: jssimms@.simmsshowers.com
*Counsel for Plaintiff*