**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MERLIN PETROLEUM COMPANY, INC.,

    Plaintiff,

v.                                                    CASE NO: 8:16-CV-1000-T-30TBM

PEDRO JAVIER SARABIA and
CARLA CARLINA RAMIREZ EDWARDS,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment (against Defendant Javier Sarabia) and for Entry of Final Judgment against Javier Sarabia (Dkt. 54), Defendants' Amended Response in Opposition (Dkt. 63), and Plaintiff's Reply (Dkt. 68). The Court, upon review of the motion, response, reply, record evidence, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted to the extent that the Court concludes, as a matter of law, that Defendant Javier Sarabia committed a breach of the subject agreement. Plaintiff's request for entry of judgment against Defendant Javier Sarabia is denied without prejudice at this time.

## RELEVANT FACTS

This is a breach of contract case regarding a November 9, 2011 agreement (the "agreement") executed by Plaintiff Merlin Petroleum Company, Inc. ("Merlin") and

Defendant Pedro Javier Sarabia.[1]  Merlin is a bunker brokerage firm specializing in meeting the marine fuel purchasing needs of ship owners.  MP Line, S.A. provided international maritime cargo transportation and logistics services.  Sarabia was MP Line's Commercial Director.  Merlin supplied bunkers to MP Line.  Sometime in 2010, MP Line filed for bankruptcy in Panama.  The record is undisputed that, as of November 9, 2011, MP Line owed Merlin $1,772,867.65 for bunkers Merlin had supplied to various vessels under charter to MP Line.

On November 28, 2016, the Court granted Plaintiff's motion for partial judgment on the issue of the agreement's validity and enforceability (Dkt. 50).  The Court concluded that the agreement was supported by adequate consideration and was otherwise enforceable.  Plaintiff now moves for another partial judgment on the issue of Sarabia's breach to the extent that he failed to make payments to Plaintiff as outlined in the agreement after he sold property located at 851 Brightwaters Boulevard.

Specifically, one of the agreed sources funding payment of the debt under the agreement was proceeds from the sale of property located at 851 Brightwaters Blvd., NE, St. Petersburg, Florida.  The agreement specified that Plaintiff would receive 20% of the net proceeds from the sale of this property if the net proceeds from the sale were more than one million dollars and 15% if the net proceeds were less than one million dollars.  The record is undisputed that, on August 1, 2013, the property was sold for $3,325,000.  The net

---

[1] The issue of whether Sarabia's wife, who is also a Defendant in this case, is bound by the agreement is not addressed by the parties at this time.

proceeds from the sale were approximately $691,734, resulting in Plaintiff being owed approximately $103,760.10 (i.e., 15% of $691,734). Plaintiff argues that Sarabia's failure to pay Plaintiff $103,760.10 is a material breach of the agreement. The Court agrees based on the undisputed record evidence.

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

## DISCUSSION

Sarabia, in response to Plaintiff's motion, initially argued that the Brightwaters property was owned by himself and his wife as tenants by the entirety (Dkt. 62). This argument would have merit because, under Florida law, when property is held as an estate by the entireties, it cannot be alienated or forfeited by either spouse without the assent of the

other, so as to defeat the other's rights. *See Bailey v. Smith*, 103 So. 833 (1925). Sarabia, however, filed an amended response that withdrew the tenants by the entirety argument and conceded that only Sarabia owned the Brightwaters property at the relevant time (Dkt. 63). Sarabia's only other argument against summary judgment is that his breach was not material; this argument is devoid of any merit. Sarabia does not dispute the facts: the agreement outlined as one of four sources of payment proceeds to Plaintiff from the sale of the Brightwaters property. On August 1, 2013, the Brightwaters property was sold and the net proceeds were approximately $691,734, making the amount due under the agreement approximately $103,760.10. Sarabia does not dispute that he failed to pay Plaintiff this amount. And it is undisputed that Plaintiff is still owed approximately $1,470,907.41.[2] Accordingly, Sarabia's breach of the agreement with respect to the provision describing the source of payment from the Brightwaters property is established as a matter of law.

The Court will not, however, enter a final judgment at this time. Plaintiff has remaining breach of contract claims regarding the other three sources of payment as outlined in the agreement. This Court will not enter piecemeal final judgments. Moreover, it is unclear at this time whether Sarabia's partial payments (which are unclear in the record) could be used to off-set any damages.

---

[2] The amount of the debt stated in the agreement is $1,772,867.65 but, at some point subsequent to the entering of the agreement, Sarabia made partial payments (from sources unknown by the Court at this time) that reduced the debt to $1,470,907.41.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (against Defendant Javier Sarabia) and for Entry of Final Judgment against Javier Sarabia (Dkt. 54) is granted in part and denied in part as explained herein.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record