**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MERLIN PETROLEUM COMPANY, INC.,

    Plaintiff,

v.                                                          CASE NO: 8:16-CV-1000-T-30TBM

PEDRO JAVIER SARABIA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Reconsider the Court's Order Denying Entry of Final Judgment against Javier Sarabia (Dkt. 73) and Defendant's Response in Opposition (Dkt. 78). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

## DISCUSSION

This is a breach of contract case regarding a November 9, 2011 agreement (the "agreement") executed by Plaintiff Merlin Petroleum Company, Inc. ("Merlin") and Defendant Pedro Javier Sarabia. On January 11, 2017, the Court granted Merlin's motion for partial summary judgment in part: the Court ruled, as a matter of law, that Sarabia breached the agreement to the extent that he failed to make payments to Plaintiff as outlined in the agreement after he sold property located at 851 Brightwaters Boulevard. However, the Court indicated that it would not enter a final judgment against Sarabia at that time because

Merlin had remaining breach of contract claims against Sarabia and the Court would not enter "piecemeal final judgments." The Court also noted that the record was unclear whether "Sarabia's partial payments (which are unclear in the record) could be used to off-set any damages." (Dkt. 70).

Merlin now moves the Court for reconsideration of its January 11, 2017 order (Dkt. 70) only to the extent that the Court deferred entering a final judgment. Merlin argues that, subsequent to the Court's order, Merlin dismissed Sarabia's wife as a Defendant in this case. Merlin also contends that the remaining breach claims against Sarabia will probably not result in a judgment in Merlin's favor because discovery to date has revealed that the other three sources of payment under the agreement never came to fruition.

Sarabia opposes Merlin's motion because Merlin does not establish that reconsideration is appropriate and "issues of material fact exist regarding the other three sources of payment as outlined in the Agreement." (Dkt. 78). The Court agrees with Sarabia.

Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *See Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation

marks omitted). A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc.,* 434 F. Supp. 2d at 1301.

Merlin's motion seeks to re-litigate the issues and attempts to argue, for the first time, that there is no need to delay entry of final judgment because the remaining breach claims will probably not result in a judgment in Merlin's favor. This new argument is unconvincing because Merlin has not agreed to abandon or dismiss those claims.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Reconsider the Court's Order Denying Entry of Final Judgment against Javier Sarabia (Dkt. 73) is denied.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record